1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

| 9 | James Wade Arnold, | No. CV-16-01839-PHX-SMM |
| 10 | Petitioner, | No. CR-97-0176-PHX-SMM |
| 11 | v. | **ORDER** |
| 12 | United States of America, | |
| 13 | Respondent. | |
| 14 | | |

15      Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

16 Under 28 U.S.C. § 2255; or, in the Alternative, Petition for a Writ of Habeas Corpus

17 Pursuant to 28 U.S.C. § 2241. (Doc. 1.) The matter was referred to Magistrate Judge

18 Deborah M. Fine for a Report and Recommendation, who filed a Report and

19 Recommendation with the Court recommending that Petitioner's petition be denied and

20 dismissed with prejudice. (Docs. 26; 41 at 12.) The Magistrate Judge further recommended

21 that the Court issue a Certificate of Appealability. (Doc. 41 at 12.) Petitioner filed

22 Objections to the Report and Recommendation (Doc. 42), Respondent filed a Response to

23 Petitioner's Objections (Doc. 43), and Petitioner filed Supplemental Authority in support

24 of his Objections (Doc. 44). After considering the Report and Recommendation and

25 Petitioner's Objection thereto, the Court now issues the following ruling.

26 **I.      BACKGROUND**

27      Petitioner does not object to the Report and Recommendation's recitation of facts,

28 and therefore the Court adopts it summarily. In 1998, Petitioner was convicted of two

counts of bank robbery in violation of 18 U.S.C. § 2113(a) and two counts of using a firearm during a crime of violence (bank robbery) in violation of 18 U.S.C. § 924(c). (Doc. 41 at 2.) Petitioner was sentenced to a mandatory life sentence pursuant to 18 U.S.C. § 3559(c) and a mandatory consecutive 25-year sentence pursuant to § 924(c), and Petitioner was designated a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). (Id.) Petitioner filed an appeal, arguing that the Court committed error on evidentiary grounds. (Id.) However, the Ninth Circuit affirmed this Court's decision. (Id.)

Petitioner argues that he is entitled to resentencing relief because the residual clauses of § 3559(c)(2)(F)(ii), § 924(c)(3)(B), and § 4B1.2(a) are unconstitutionally vague in light of Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"). (Id.) Petitioner further contends that his petition is timely pursuant to 28 U.S.C. § 2255(f)(3) because Johnson II applies retroactively to cases on collateral review and Petitioner filed his petition within one year of the Johnson II decision. (Id.)

## II. STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

Rule 72(b)(3) of the Federal Rules of Civil Procedure requires a district judge to review de novo those portions of the Report and Recommendation that have been "*properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). A proper objection requires "*specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The Court will not review generalized objections, nor undertake a global reevaluation of the merits of Petitioner's grounds for relief. Warling v. Ryan, No. CV 12-01396-PHX-DGC(SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19,

2013) (citation omitted).

## III.    DISCUSSION

The Magistrate Judge recommended that Petitioner's petition be denied as untimely "because the Supreme Court has not recognized that [Johnson II] extends to the residual clauses of 18 U.S.C. § 924(c), U.S.S.G. § 4B1.1, or 18 U.S.C. § 3559(c)(2)(F)(ii)." (Doc. 41 at 4, 8 (citing United States v. Blackstone, 903 F.3d 1020, 1026 (9th Cir. 2018)).) In addition, the Magistrate Judge found that, because Petitioner did not establish actual innocence, he is not entitled to have his § 3559(c) claim heard on the merits pursuant to § 2255(f)(3). (Id. at 11.) Petitioner raises two objections.

First, Petitioner argues that Blackstone does not render his petition untimely because the unconstitutionality of § 924(c)(3)(B), § 4B1.2(a)(2), and § 3559(c)(2)(F)(ii) is a "straightforward application" of Johnson II.[1] (Doc. 42 at 2-3.) The Court disagrees. Because the Supreme Court has not yet recognized the right that Petitioner seeks to assert – namely, that the residual clauses of § 924(c)(3)(B), § 4B1.2(a)(2), and § 3559(c)(2)(F)(ii) are void for vagueness – the Court agrees with the Magistrate Judge's finding that Petitioner's petition is untimely. See Blackstone, 930 F.3d at 1025-26.

Next, Petitioner argues that, even if his petition is untimely, he is entitled to have his petition heard on the merits because he is actually innocent of the § 3559(c) conviction. (Doc. 42 at 3-8 (citing McQuiggin v. Perkins, 133 S. Ct. 1924, 1932 (2013)).) Specifically, Petitioner states that, because Johnson II rendered § 3559(c)(2)(F)(ii)'s residual clause void for vagueness and because his second-degree murder conviction does not constitute a "serious violent felony" under either the enumerated offenses or the elements clause of § 3559(c), Petitioner is actually innocent of the § 3559(c) conviction. (Id.) The Court disagrees. First, the Court agrees with the Magistrate Judge that Petitioner's argument is not based on a claim of factual innocence because "'[a]ctual innocence' means factual

---

[1] Petitioner cites "*Ortega v. United States*, No. 2:10-cr-00825-R, Doc. 311 at 3 (C.D. Cal. Jan. 30, 2019)" for the assertion that, "'the mere fact that the Supreme Court has not contemplated whether § [3559(c)'s] Residual Clause is unconstitutionally vague does not prevent this Court from doing so.'" (Doc. 42 at 4 (alteration in original).) After a detailed search, the Court was unable to locate this case. Moreover, the Court disagrees with Petitioner's assertion as it is inconsistent with Blackstone.

innocence, not mere legal insufficiency." See Bousley v. United States, 523 U.S. 614, 623 (1998). Thus, Petitioner's argument does not establish actual innocence. In addition, Petitioner's argument is inconsistent with the reasoning in Blackstone. Because Petitioner's argument cannot be separated from Blackstone's holding, the Court finds that Petitioner has failed to establish that he is actually innocent of the § 3559(c) conviction. See United States v. Johnson, No. CR 11-140-BLG-SPW-01, CV 16-077-BLG-SPW, 2018 WL 5619662, at *1 (D. Mont. Oct. 29, 2018). Therefore, the Court agrees with the Magistrate Judge that Petitioner is not entitled to have his claim heard on the merits.

## IV. CERTIFICATE OF APPEALABILITY

The Magistrate Judge recommended that the Court issue a Certificate of Appealability, stating that the Blackstone opinion is not yet final because the docket "indicates that on January 22, 2019, Appellant Blackstone filed a Motion to Stay Mandate pending filing of a petition for writ of certiorari in the United States Supreme Court." (Doc. 41 at 11.)

The standard for the Court to issue a Certificate of Appealability is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Because the time to file a writ of certiorari in Blackstone has not yet passed, and therefore the decision is not final, the Court concludes that a Certificate of Appealability should issue as the resolution of this petition may be debatable amongst reasonable jurists.

## V. CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED adopting** the Report and Recommendation of Magistrate Judge Deborah M. Fine. (Doc. 41.)

**IT IS FURTHER ORDERED denying** and **dismissing with prejudice** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255; or, in the Alternative, Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1 in CV-16-1839-PHX-SMM (DMF) and Doc. 114 in CR-97-0176-PHX-SMM.) The Clerk shall terminate this action accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **granted** on the issue of whether Petitioner's 28 U.S.C. § 2255 motion is time barred pursuant to United States v. Blackstone, 903 F.3d 1020 (9th Cir. 2018).

Dated this 25th day of March, 2019.


Honorable Stephen M. McNamee
Senior United States District Judge